People v Guzman (2025 NY Slip Op 02280)

People v Guzman

2025 NY Slip Op 02280

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Ind No. 71922/23|Appeal No. 4133|Case No. 2024-00228|

[*1]The People of the State of New York, Respondent,
v
Luis Guzman, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered November 30, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a five-year term of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 567 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his second amendment claim (see People v Velardo, 228 AD3d 520, 520 [1st Dept 2024], lv denied 42 NY3d 930 [2024]) and his excessive sentence claim (see People v Bailey, 234 AD3d 560, 561 [1st Dept 2025]). "The fact that the court conducted its colloquy after defendant signed the written waiver, which he had reviewed with his counsel, did not render his waiver involuntary or unknowing" (People v Brown, 228 AD3d 465 [1st Dept 2024], lv denied 42 NY3d 1019 [2024). Viewing the totality of circumstances underlying defendant's appeal waiver at the time of the plea (see People v Thomas, 34 NY3d at 559-560), the court's colloquy both explained the appeal waiver in detail and sought defendant's confirmation that he understood the meaning and consequences of his appeal waiver, all prior to the court's acceptance of such a waiver. The court's statement during the colloquy that defendant could not "later" change his position as to the appeal waiver and still retain the plea arrangement was not an incorrect statement, and it did not undermine defendant's knowing and voluntary waiver of the right to appeal.
As an alternative holding, as to the Second Amendment argument, such argument is unpreserved and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42 [2023]), particularly as we also find on the present record that defendant, who did not apply for a firearm license before carrying a loaded firearm on his person in public, lacks standing to challenge New York's gun licensing scheme (see People v Johnson, 225 AD3d 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024], citing United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Were we to reach the merits of defendant's second amendment argument that challenges New York's "good moral character" licensing requirement (see Penal Law §400.00[1][b]) as arbitrary and not founded in objective requirements, we would find those claims to be unavailing (see Caputo v Kelly, 117 AD3d 644, 644-645 [1st Dept 2014]: see also People v Watts, 234 AD3d 620 [1st Dept 2025]).
As an alternative holding with regard to the excessive sentence claim, we find no basis to disturb the sentence. Given defendant's dangerous actions when tossing a loaded firearm onto the street while speeding away from the police in a populated area, the lack of evidence as to defendant's remorse for his actions, and the unpredictable danger that his admitted, unarticulated mental infirmities pose, all of which place the public at appreciable [*2]risk, the negotiated five-year term of probation is fair and commensurate with the offense and overall circumstances.
Defendant's contention that he received ineffective assistance of counsel as a result of his counsel failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Velardo, 228 AD3d at 521).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025